*E-Filed 9/16/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THOMAS DAVID MALMIN,

            Petitioner,

    v.

MARION SPEARMAN, Warden,

            Respondent.

_____/

No. C 13-2455 RS (PR)

**ORDER TO SHOW CAUSE**

**INTRODUCTION**

Petitioner seeks federal habeas relief from his state convictions.  The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.  The filing fee has been paid.  **Respondent shall file an answer or dispositive motion on or before December 15, 2013, unless an extension is granted.**

**BACKGROUND**

According to the petition, in 2010, in the Santa Cruz County Superior Court, petitioner pleaded guilty to charges of committing lewd and lascivious behavior with a minor.  He received a sentence of 8 years and 8 months in state prison.

United States District Court
For the Northern District of California

1

**DISCUSSION**

2
3
4
5
6
7
8
9
10

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

11
12
13
14

As grounds for federal habeas relief, petitioner alleges that (1) defense counsel rendered ineffective assistance; (2) the prosecutor committed misconduct; and (3) the trial court violated his rights in various ways stated in the petition. When liberally construed, these claims are cognizable on federal habeas review.

15

**CONCLUSION**

16
17
18

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

19
20
21
22
23
24
25

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

26
27

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

28

2

1  answer is filed.

2      4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

3  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

4  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

5  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

6  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

7  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

8  the date any opposition is filed.

9      5.  Petitioner is reminded that all communications with the Court must be served on

10 respondent by mailing a true copy of the document to respondent's counsel.

11     6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

12 Court and respondent informed of any change of address and must comply with the Court's

13 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

14 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15     7.  Upon a showing of good cause, requests for a reasonable extension of time will be

16 granted provided they are filed on or before the deadline they seek to extend.

17     **IT IS SO ORDERED**.

18 DATED: September 16, 2013

            RICHARD SEEBORG
            United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

No. C 13-2455 RS (PR)
ORDER TO SHOW CAUSE