*E-Filed 3/24/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS DAVID MALMIN, | No. C 13-2455 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MARION SPEARMAN, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion to dismiss (Docket No. 11) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within

No. C 13-2455 RS (PR)
ORDER OF DISMISSAL

one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.    Timeliness of the Petition**

On April 23, 2010, petitioner was sentenced in the Santa Cruz Superior Court. He did not appeal. Therefore, his conviction became final on June 22, 2010, which was 60 days after the time for filing an appeal had passed. *See* Cal. Rule of Court 8.104. Petitioner, then, had one year, that is, until June 23, 2011, to file a timely federal habeas petition.[1] The instant federal habeas petition was filed on May 21, 2013,[2] which is well after the June 23, 2011 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

**1.    Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). On November 17, 2011, petitioner filed his

---

[1] Petitioner is not entitled to the additional 90 days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his appeal.

[2] Petitioner is entitled to this filing date, rather than date listed in the docket (May 30, 2013). The Court assumes that he put the petition in the prison mail the day he signed it (May 21, 2013) and will use that as the filing date under the prisoner mailbox rule. *See* generally *Houston v. Lack*, 487 U.S. 266, 276 (1988).

first state habeas petition.  As noted above, the federal filing deadline was June 23, 2011.

Petitioner is not entitled to statutory tolling.  A state habeas petition, here the one filed on November 11, 2011, cannot toll the limitation period because it was filed after AEDPA's statute of limitations ended on June 23, 2011.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling.  Absent a showing of equitable tolling, the petition must be dismissed.

**2.	Equitable Tolling**

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner has not met either requirement.  He claims without elaboration that any filing delays were caused by a lack of access to prison libraries, which are poorly staffed and have inadequate legal research materials.  These allegations are conclusory, failing to give exact timelines, names of prisons, a list of his attempts to access materials, what materials were not available, etc.  As such, they are insufficient to show that he had been pursuing his rights diligently and that some "extraordinary circumstance" prevented timely filing.

Petitioner also asserts that new case law either excuses the limitations requirement or restarts the filing deadline under 28 U.S.C. § 2244(d)(1).  None of these cases support his assertion, however.  *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) did not decide a new rule of constitutional law, and therefore does not apply retroactively to petitioner's case.  *Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012).  *Showers v. Beard*, 586 F. Supp. 2d 310 (M.D.

Penn. 2008) and *People v. Fares*, 16 Cal. App. 4th 954 (Cal. Ct. App. 1993), are not binding on this Court because neither is a Ninth Circuit or Supreme Court case. *Chaidez v. U.S.*, 133 S. Ct. 1103 (2013), does not apply retroactively.

Petitioner has not shown that he is entitled to equitable tolling. Accordingly, the petition will be dismissed.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 11) is GRANTED. Accordingly, the action is DISMISSED with prejudice.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 11, and close the file.

**IT IS SO ORDERED**.

DATED: March 24, 2014

RICHARD SEEBORG
United States District Judge